UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAUREN KOENIG,

                 Plaintiff,

       v.

CELITECH, INC., and RICHARD BRATTON,

                 Defendants.

Case No.:  1:26-cv-00090

**COMPLAINT**

**JURY TRIAL DEMANDED**

Lauren Koenig (hereinafter referred to as "Plaintiff" or "Koenig"), by and through her attorneys, McLaughlin & Stern, LLP, as and for her Complaint against CELITECH, Inc. ("Celitech") and Richard Bratton ("Bratton" and, collectively with Celitech, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This action arises out of Celitech's wrongful termination of Koenig following a longstanding and widespread pattern of discriminatory and hostile behavior towards Koenig as a result of her gender. As a result, Defendants are liable for, *inter alia,* violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-97 and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101-31.

2.     More specifically, Koenig, who was the only female employee and the only female executive for the majority of her time at Celitech, was subjected to violent and inappropriate behavior from Bratton, Celitech's CCO and Co-Founder. In one instance caught on video, Bratton drunkenly assaulted Koenig while together at a work conference in Lisbon, Portugal.

3.     Ultimately, Celitech's campaign of hostile and discriminatory behavior resulted in Koenig's termination, despite her proven and objectively high levels of success compared to her male counterparts.

4.     As a direct consequence of Defendants' unlawful actions, Plaintiff has suffered damages as set forth herein.

## PARTIES

5.     Plaintiff is an individual and resident of the State of New York, with her current principal residence located in Queens County, New York.

6.     Upon information and belief, Defendant CELITECH, Inc. is a California Corporation that is not registered to do business within the State of New York, with its principal place of business located in Santa Clarita, California.

7.     Upon information and belief, Defendant Richard Bratton is an individual residing in the State of Connecticut.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is an action where the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of New York.

**FACTS UPON WHICH THE ACTION IS BASED**

10.     Recognizing a need for an executive to drive business development and marketing, in September of 2022, Celitech hired Koenig as a full-time employee, providing her with $120,000/year in salary plus a $500/month health insurance reimbursement.

11.     At the time of her hire until approximately a month prior to her firing, Koenig was the only female Celitech employee.

12.     Koenig was also the only female executive at Celitech and, to this day, remains the only female executive that Celitech has ever had.

13.     Upon joining, Celitech Co-Founder and Chief Executive Officer Ahmad Fares ("Fares") promised Koenig that if she worked hard, she might one day become a Co-Founder of the company. Koenig immediately began dedicating herself and working relentlessly toward achieving that goal.

14.     However, soon after she began work at Celitech, Koenig noticed a double standard that was applied to the executives and witnessed disturbing and inappropriate behavior from Bratton.

15.     For instance, in November of 2022, Bratton drank so much alcohol that he missed an entire day of the Phocuswright Conference in Phoenix, Arizona. Instead of attending an event that Celitech threw, Bratton stayed in his hotel room the entire day, hungover, thereby forcing Koenig to undertake most of the work at the event herself, less than two months into her employment.

16.     Fares was present at this Phocuswright Conference and aware of Bratton's alcohol abuse.

3

17. At a minimum, as of November of 2022, Celitech was on notice of Bratton's propensity for intoxication and inappropriate behavior.

18. Just a few months later, in March of 2023, Bratton again got extremely intoxicated at a work event in Berlin, Germany. While returning with Koenig to their hotel, Bratton tried to jump out of a moving taxi and was verbally abusive to Koenig.

19. A common theme throughout her time with the Company is that Koenig, the only female working at Celitech, was the only one subject to the aggressive and violent behavior of Bratton.

20. In September of 2023, Celitech had no choice but to recognize the hard work and value which Koenig was providing to the company and named Koenig Co-Founder.

21. Indeed, Fares referred to Koenig as the "rockstar CMO" and the "glue that held the company together."

22. Koenig spent many more hours devoted to the Company than her male counterparts.

23. However, Bratton's hostile treatment continued and in September of 2023 in Lisbon, Bratton's violent and inappropriate behavior towards Koenig reached its peak. As can be seen in a video recorded at a work conference, Bratton drank to the point of extreme intoxication, verbally assaulted Koenig and struck her, knocking her phone out of her hand.

24. Koenig's frustration with Bratton's behavior was audible, as she can clearly be heard saying, "I am never talking to you again."

25. Bratton missed his flight out of Portugal the next day.

26. Once again, in November of 2024, Bratton got extremely drunk and verbally abusive towards Koenig during the Phocuswright Conference, and Fares had to take Bratton back to their AirBNB, leaving Koenig at the event alone to continue networking on behalf of Celitech.

27.    In December of 2023, through no fault of her own, Koenig's home burned to the ground.

28.    Despite this, Koenig continued traveling extensively for work, mostly living on the road. Koenig rarely, if ever, missed a conference or opportunity, she slept on couches and devoted most all of her time to the company.

29.    In July of 2024, Fares and Bratton both told Koenig that she needed to move to New York City so that she could conduct investor and client meetings there as needed. Koenig complied and eventually found a new place to live in New York to appease Fares and Bratton.

30.    After moving to New York City, Koenig continued to work without taking any significant time off; she focused on fundraising, investor outreach and business development.

31.    During this period, Koenig conducted pitches and successfully brought in hundreds of thousands of dollars in investments.

32.    However, by June of 2025, Koenig's relentless work schedule and the financial and work stresses placed upon her became too much. Koenig spoke to Bratton and Fares and expressed to them the severe anxiety which she was experiencing.

33.    Ultimately, no real changes or accommodations were offered to Koenig.

34.    Eventually, in early September of 2025, Koenig was at a breaking point and verbalized her need to take a break and have real time off from work.

35.    Bratton suggested that Koenig take 8 days off.

36.    However, when Koenig sent an out-of-office calendar invite to Bratton and Fares, Fares replied to note his surprise that Koenig would take time off right after a conference, even though this time off would occur after back-to-back conferences and even though Koenig's male executive counterparts frequently took similar time off.

37.     Fares thus began a course of retaliatory conduct towards Koenig.

38.     More specifically, Fares removed Koenig from the October board call and a meeting with a potential investor.

39.     Once again, during this month, Bratton got extremely intoxicated at the same work conference in Lisbon, Portugal where he had assaulted Koenig two years prior. While Bratton was not violent this time, he engaged in significant verbal abuse of Koenig.

40.     Again, this was treatment which only Koenig – the sole female executive/employee – received.

41.     In October, when Koenig finally took the time off that she needed and was allegedly approved, she continued to be bombarded with work requests from Bratton.

42.     Koenig complained and shortly thereafter, she was abruptly terminated, the final act of discrimination and retaliation after years of Celitech forcing Koenig to endure a hostile work environment, verbal abuse from her co-founders and disparate treatment.

43.     At all relevant times, Bratton's conduct occurred during company-sponsored travel, conferences, and work-related events paid for by Celitech, and while Bratton was acting in his capacity as a senior executive and co-founder of the Company.

## COUNT I
### Discrimination in Violation of NYSHRL
### (Wrongful Termination on Account of Gender – As to Defendant Celitech Only)

44.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

45.     Koenig was qualified for her position at Celitech and performed the duties of her employment competently.

6

46.     Koenig was terminated despite her hard work and success while her male colleagues, who did not work as hard, generate as much value as Koenig and engaged in unprofessional, destructive and abusive behavior, did not face the same repercussions.

47.     Therefore, Koenig was the subject of disparate discriminatory treatment based upon her status as a woman.

48.     Consequently, Celitech unlawfully terminated Plaintiff's employment in violation of in the New York State Human Rights Law § 296, *et seq.*

49.     By adversely affecting the terms, conditions and privileges of Plaintiff's employment because of her gender, Celitech violated the NYSHRL.

50.     As a result of Celitech's unlawful practices, Plaintiff has suffered lost wages, employment benefits, damages for pain and suffering, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of the termination of her employment.

### COUNT II
**Discrimination in Violation of NYCHRL**
**(Wrongful Termination on Account of Gender – As to Defendant Celitech only)**

51.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     Koenig was qualified for her position at Celitech and performed the duties of her employment competently.

53.     Koenig was terminated despite her hard work and success while her male colleagues, who did not work as hard, generate as much value as Koenig and engaged in unprofessional, destructive and abusive behavior, did not face the same repercussions.

54.     Therefore, Koenig was the subject of disparate discriminatory treatment based upon her status as a woman.

55.     Consequently, Celitech unlawfully terminated Plaintiff's employment in violation of the New York City Administrative Code, § 8-107, *et seq.*

56.     As a result of Celitech's unlawful practices, Plaintiff has suffered, and will suffer mental anguish, emotional distress and loss of enjoyment of life; and has incurred, and will incur damages thereby.

**COUNT III**
**Negligent Supervision and Retention**
**(As to Defendant Celitech Only)**

57.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

58.     At least as of November of 2022, Celitech had actual or constructive knowledge of Bratton's propensity for extreme intoxication and abusive behavior.

59.     Celitech knew or should have known that it had the ability to attempt to control Bratton's inappropriate behavior while intoxicated but did not do so.

60.     However, Celitech did not take any action to control or limit Bratton's inappropriate behavior and, thereafter, Bratton engaged in conduct that was physically and verbally abusive towards Koenig while using company resources – in the form of paid-for work travel and entertainment.

61.     Despite having notice of Bratton's conduct, Celitech failed to discipline Bratton, failed to restrict or address his alcohol-related misconduct at company-sponsored events, and continued to require Plaintiff to travel and work in close proximity with him.

62.     As a result of Celitech's negligent retention and supervision of Bratton, Plaintiff has suffered, and will suffer damages, including mental anguish, emotional distress and loss of enjoyment of life.

8

## COUNT IV
### Assault
### (As to Defendant Bratton Only)

63.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

64.     As set forth in the foregoing allegations, in September of 2023, Bratton acted intending to cause a harmful or offensive contact with Koenig and Koenig was put in imminent apprehension of such contact.

65.     As the direct and proximate result of Bratton's assault, Koenig sustained significant injuries and emotional and psychological distress.

66.     Bratton's actions which were intentional, subject him to punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants awarding compensatory and punitive damages, attorney's fees, interest and costs and all such other and different relief that this court may deem just;

(a)     On the First Cause of Action, judgment against Celitech in an amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial;

(b)     On the Second Cause of Action, judgment against Celitech in the amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial.

(c)     On the Third Cause of Action, judgment against Celitech in the amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial.

(d)     On the Fourth Cause of Action, judgment against Bratton in an amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial;

9

Dated: New York, New York
        January 7, 2026

McLAUGHLIN & STERN, LLP

By*: /s/ Brett R. Gallaway*
Brett R. Gallaway
260 Madison Avenue
New York, New York 10016
(212) 448-1100
bgallaway@mclaughlinstern.com
*Attorneys for Plaintiff*